## DANIEL G. BAKER *vs.* JOSEPH GERRISH.

In an action to recover for goods sold and delivered by A. to B., a new trial will not be granted, after a verdict for the plaintiff, on account of the admission of secondary evidence of the contents of an order for similar goods sent by B. to C. and passed over by C. to A. Notwithstanding the delivery of such order to A., he could not recover for the goods without proving the receipt and acceptance of the goods from him by B.

The declarations of C. are inadmissible in evidence in such action to bind A., without independent evidence that C. had authority to act for A.

CONTRACT brought by the surviving partner of the firm of Fowler & Baker, lately doing business in Maine, to recover for certain doors and blinds sold and delivered by that firm to the defendant in August 1858.

At the trial in the superior court, before *Brigham,* J., it appeared that Nathan Fowler, father of the plaintiff's deceased partner, in the summer of 1858 took from the defendant an order for the delivery of said articles. The plaintiff introduced evidence that Nathan Fowler delivered said order to him in the summer of 1858; and, after certain evidence of the loss of the order, which the defendant contended was insufficient to show such loss, the plaintiff was allowed, against the defendant's objection, to introduce secondary evidence of its contents.

Certain declarations of Nathan Fowler, that he had full authority to act for the plaintiff and Fowler & Baker were put in evidence by the defendant. It also appeared that the defendant went into insolvency in November 1858, and obtained his discharge, and that Nathan Fowler, who also lived in Maine, came to Massachusetts, made oath to a claim against the defendant's estate in insolvency, and assented in writing to his discharge. But it was in dispute and was not settled, so far as appeared by the exceptions, whether the claim now in suit was included in the claim so proved by Nathan Fowler against the defendant's estate.

The defendant introduced the testimony of B. J. Gerrish, counsellor at law in Boston, that Nathan Fowler told him that he owned said demand, before so proving the same in

insolvency; but, from the whole testimony of said Gerrish, it appeared to the judge that the relation of counsel and client then existed between him and Nathan Fowler; and he instructed the jury to disregard said testimony.

The defendant also offered in evidence a bill of N. Fowler & Co. (under which style Nathan Fowler formerly did business) against the defendant, settled and paid June 30th 1860, receipted by N. Fowler, in the name of N. Fowler & Co., containing the same items as the said demand proved in insolvency, and also some others, for the purpose of showing that the items were the same so contained in the demand proved in insolvency; but it was excluded.

The defendant asked the court to instruct the jury that, if N. Fowler & Co., or Nathan Fowler, was the owner of the demand in suit, or acted under the authority of Fowler & Baker in the proceedings in insolvency, the discharge in insolvency would be a bar to this action. The judge declined so to rule, but instructed the jury that, if Nathan Fowler was the owner of the demand in suit, and the same was contracted with him as doing business under the style of Fowler & Baker, the plaintiff could not maintain this action, irrespective of the proceedings in insolvency.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. V. Lynde,* for the defendant.

*S. Wells, Jr.,* for the plaintiff.

WELLS, J. The defendant's first exception is to the admission of parol proof of the contents of a written paper, without proper evidence of its loss. It was an order for lumber, addressed by the defendant to Nathan Fowler, or N. Fowler & Co. The plaintiff could recover for lumber delivered in pursuance of it only by proof of the receipt and acceptance of the lumber by the defendant. As Fowler & Baker were not parties named in the writing, it would not seem to have any very important bearing upon the establishment of their claim against the defendant. It does not appear therefore that the defendant was prejudiced at the trial by the admission of parol proof of its contents.

The exceptions do not show that the demand in suit was in fact proved against the defendant, in the proceedings in insolvency. If not so proved, then the testimony of B. J. Gerrish as to declarations of Nathan Fowler, that he was authorized to act for Fowler & Baker, was entirely immaterial. Besides; authority to act as agent for the plaintiff could not be proved by declarations of the party assuming to act as such. Neither would such declarations be competent to prove that the person making them was the real party to whom the demand belonged. The plaintiff's rights ought not to be affected by such declarations of another party. The defendant has no ground of exception to the exclusion of this testimony from the consideration of the jury.

It does not appear that the bill of N. Fowler & Co. would tend, in any way, to contradict the witness, Nathan Fowler; nor, if it did, that such contradiction would be at all material.

Excluding the mere declarations of Nathan Fowler, there appears to be no evidence upon which the instructions asked for by the defendant could stand. But the court instructed the jury that, if N. Fowler & Co. and Fowler & Baker were the same in reality, the plaintiff could not recover; and the question whether the discharge would bar the action, if Nathan Fowler acted under the authority of Fowler & Baker in the collection of their claim or its proof and discharge in insolvency, is of no consequence without showing that the claim was in fact proved in insolvency. This is not shown, and therefore the exceptions must be                                    *Overruled.*